IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| WILLIAM C. MEIGS, d/b/a ABANDA TIMBER, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CIVIL ACTION NO.: ~~CV-05-168~~ 3:05cv903-T ) |
| PROGRESSIVE SPECIALTY INSURANCE COMPANY, | ) ) ) ) |
| Defendant. | ) |

RECEIVED
2005 SEP 22 A 9:42

## ANSWER OF DEFENDANT, PROGRESSIVE SPECIALTY INSURANCE COMPANY ("PROGRESSIVE")

### First Defense.

Progressive denies that it breached any policy or contract of insurance with the plaintiff as alleged in count one of the complaint. The complaint alleges that Progressive issued the policy on October 16, 2004. If so, that policy would not be in effect at the time of the plaintiff's December 8, 2003 accident.

### Second Defense.

Progressive denies that it acted in bad faith as alleged in count two of the complaint. Progressive has been unable to locate any policy issued to the plaintiff which was in effect at the time of this accident. It is unable to locate any notice of the plaintiff's comprehensive claim before this lawsuit was filed.

### Third Defense.

Progressive denies that the plaintiff is entitled to recover the items and amounts of damages alleged in the complaint. It demands strict proof thereof.

### Fourth Defense.

Progressive denies that it was guilty of the type conduct required for the imposition of punitive damages under Alabama law. It demands clear and convincing evidence of such wrongful conduct.

### Fifth Defense.

Progressive reserves the right to amend its answer after completion of further investigation and discovery in accordance with the court's scheduling order.

### Sixth Defense.

Imposition of punitive damages or damages for pain and suffering in this action would violate the Due Process Clause of the United States Constitution and the Due Process Clause of the Alabama Constitution.

### Seventh Defense.

The procedure and methods asserted for awarding punitive damages or damages for pain and suffering in this case violate the Due Process Clause of the United States Constitution and the Due Process Clause of the Constitution of the State of Alabama.

Eighth Defense.

The claims of plaintiff for punitive damages cannot be sustained because an award of punitive damages under Alabama law subject to no predetermined limit, such as maximum multiple compensatory damages or a maximum amount, on the amount of punitive damages that a jury may impose, would violate Progressive's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by the due process provisions of the Alabama Constitution.

Ninth Defense.

The claims of plaintiff for punitive damages cannot be sustained, because an award of punitive damages under Alabama law by a jury that (1) is not provided a standard sufficient for determining the appropriateness, or the appropriate size, of a punitive damages award, (2) is not instructed on the limits on punitive damages imposed by the applicable principles of deterrence and punishment, (3) is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including the corporate status of a defendant, (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary as to damages permissible, and (5) is not subject to judicial review on the basis of objective standards, would violate Progressive's substantive and procedural due process and equal protection rights guaranteed by the Fourteenth Amendment to the United States Constitution and the double jeopardy clause of the Fifth Amendment as incorporated into the Fourteenth

Amendment, and by the Alabama constitutional provisions providing for due process, equal protection, and guarantee against double jeopardy.

### Tenth Defense.

The claims of plaintiff for punitive damages cannot be sustained, because an award of punitive damages under Alabama law without proof of every element beyond a reasonable doubt would violate Progressive's substantive and procedural due process rights under the Fourteenth Amendment to the United States Constitution and under the due process provisions of the Alabama Constitution.

### Eleventh Defense.

Any award of punitive damages based upon anything other than Progressive's conduct in connection with the matters that are the subject of this lawsuit would violate the due process clause of the Fourteenth Amendment to the United States Constitution and the double jeopardy clause of the Fifth Amendment as incorporated into the Fourteenth Amendment and the Alabama constitutional provisions providing for due process and guarantee against double jeopardy, because any other judgment for punitive damages in this case cannot protect Progressive against impermissible multiple punishment for the same wrong.

### Twelfth Defense.

Any award of punitive damages in this case would violate Progressive's rights under substantive and procedural due process clause of the United States Constitution and of the Constitution of the State of Alabama; the excessive fines clauses the Eight Amendment to the United States Constitution; the contract clause of Article Two of the United States

Constitution; the equal protection clause of the United States Constitution and the Constitution of the State of Alabama.

### Thirteenth Defense.

The Alabama punitive damage system, on its face and as applied, violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution. While the Supreme Court of the United States perceived the system as constitutional in Pacific Mutual Life Insurance Co. v. Haslip, 499 U.S. 1 (1991), events subsequent to Haslip have shown that the system is wholly arbitrary, fundamentally unfair and utterly irrational in violation of due process. See Armstrong v. Roger's Outdoor Sports, Inc., 581 So. 2d 414, 423 (Ala.1991) (Maddox, J., dissenting); Henderson v. Alabama Power Co., 627 So. 2d 878, 894-95 (Ala. 1993) (Maddox, J., dissenting; Id. at 914 (Houston, J., dissenting). The Alabama system affords juries standardless discretion to impose unlimited punishment, and review of such awards is constitutionally deficient.

See Honda Motor Co., Ltd. v. Oberg, 114 S. Ct. 2331 (1994). Alabama post-verdict review is neither meaningful, consistent nor constitutionally adequate to cure this crucial constitutional defect.

### Fourteenth Defense.

The Alabama punitive damage system, on its face and as applied, violates the Due Process Clause of the Fourteenth Amendment because there are absolutely no meaningful standards or limits for determining the amount of the award, contravening the deeply rooted

American tradition that punishment may not be imposed in the absence of a pre-existing, express legislatively established range of penalties.

### Fifteenth Defense.

The imposition of a punitive damage award in this case in the absence of explicit, particularized guidelines or standards is highly unfair and constitutionally infirm because an award made in the absence of such guidelines or standards may be grossly excessive, disproportionate, arbitrary and irrational. A punitive damage award in the absence of such guidelines or standards will bear no rational or reasonable relationship to this defendant's alleged conduct in this matter or to any alleged harm to plaintiffs, and will dwarf legislatively established fines for comparable conduct. A punitive damage award in the absence of such guidelines or standards therefore will violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution, and the excessive fines clause of the Alabama Constitution, Ala. Const. Art. I, § 15.

### Sixteenth Defense.

Without the protections previously provided in §§ 6-11-23(a) and 6-11-24, Code of Alabama regarding punitive damage awards, now declared unconstitutional by the Alabama Supreme Court, the State of Alabama no longer affords to a defendant sufficient protection under the United States Constitution from excessive and arbitrary punitive damage awards.

### Seventeenth Defense.

A punitive damage award in this case will violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution, the Commerce Clause, the Equal Protection Clause and the Privileges and Immunities Clause because the award would be based upon an Alabama state enforced policy that unconstitutionally discriminates against a defendant in punitive damages cases based upon the defendant's status as a large, out-of-state, corporate entity.

### Eighteenth Defense.

The imposition of punitive damages in this case based upon theories of respondeat superior, agency, vicarious liability, or joint and several liability violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

### Nineteenth Defense.

The Alabama system and structure for punitive damage awards, together with the claims for punitive damages sought by plaintiff in this lawsuit, constitute a violation of the due process clause of the Constitution of the United States, under authority of B.M.W. of North America, Inc. v. Gore, 116 S. Ct. 1589, (May 20, 1996).

The allegations made by the plaintiff in this action, and the plaintiff's claims for punitive damages generally, and under the Alabama system specifically, constitute inadequate notice to this defendant as to deprive this defendant of due process of law.

<u>Twentieth Defense.</u>

A jury award of mental anguish damages in this case will violate due process and equal protection rights guaranteed to this defendant by the Fifth and Fourteenth Amendments to the United States Constitution, and Article One, Sections 1, 6 and 22 of the Constitution of the State of Alabama of 1901. In particular, a mental anguish damage award will violate these constitutional provisions because Alabama juries are given no rule, standard or guideline upon which to rely in calculating mental anguish damage awards.

<u>Twenty-First Defense.</u>

Section 6-11-21, <u>Code of Alabama</u>, bars plaintiff's claims for punitive damages to the extent they exceed the section's caps contained therein.

<u>Twenty-Second Defense.</u>

Progressive pleads cancellation. It appears the plaintiff's accident was on or around December 7, 2004. However, his policy cancelled for nonpayment or premiums effective November 29, 2004.

*R. Larry Bradford*, Attorney for Defendant
Attorney Bar Code: BRA039

OF COUNSEL:

Bradford Law Firm, P.C.
2020 Canyon Road, Suite 100
Birmingham, AL 35216
(205) 871-7733

## CERTIFICATE OF SERVICE

I hereby certify that I have this the __2__ day of September, 2005, served a copy of the foregoing to all attorneys of record by placing a copy of same in the United States Mail, postage prepaid and properly addressed as follows:

Mack Clayton, Esq.
P.O. Box 221
Alexander City, Alabama 35011-0221

                                                                   _____
                                                                   OF COUNSEL